## MAUNSEL WHITE *v.* T. C. ANDERSON & Co.

*A party, after having moved for the homologation of a report made by auditors, cannot go behind the same and demand judgment for matters submitted to them, but not allowed by their report.*

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J. *Lewis & Porter,* for plaintiff and appellant. *J. E. King* and *J. H. Overton,* for defendants.

MERRICK, C. J. This suit was originally commenced upon two drafts drawn by defendants on *Maunsel White & Co.,* in favor of *Hudson & Robertson,* and taken up by plaintiff.

Defendants in their answer alleged that there were large commercial transactions between plaintiff and defendants, and that the plaintiff is indebted to them in the sum of $5,000, on the settlement of accounts,

They interrogated the plaintiff on facts and articles. Plaintiff answered that he had taken no active concern in the affairs of the firm of *Maunsel White & Co.* for some time previous to their suspension, and therefore, could not answer positively; but he annexed an account taken from the books, which he considered correct, showing an additional indebtedness by defendants to the firm of *Maunsel White & Co.* (with the liquidation of which firm plaintiff is charged) of $17,163 55.

Plaintiff then amended, by claiming this additional sum of the defendants *in solido,* and by reference to the original petition, as commercial partners.

The matters in dispute were referred to auditors who reported a balance in favor of the plaintiff of $9,506 00.

The plaintiff took a rule upon the defendants to show cause why the report of the auditors should not be homologated. They filed an opposition to the account stated by the auditors, and on a trial of the same, the District Court deducted certain items with which defendants were charged, added an item not contested, and rendered judgment in favor of defendants for $973 38, and plaintiff appeals.

We think plaintiff, after having moved the homologation of the auditors' report, cannot now go behind the same and demand judgment for matters submitted to them, but not allowed by the report. *St. Romain* v. *Robeson,* 12 Rob.

196. We shall, therefore, confine our investigations to the items allowed the defendants by the District Court and deducted from the balance found by the auditors, and will briefly consider them in their order.

1. The first item allowed by the District Judge as a credit, is one of $700 for errors in the account current stated January 31st, 1852, from which the auditors take the balance upon which they principally predicate their account.

We cannot say that the District Judge erred in allowing defendant a credit for this sum. It would seem that the sums composing it were paid by defendants, and erroneously figure in the account.

2. The District Judge correctly allowed defendants a credit for *Charles Jones'* draft accepted by *Maunsel White & Co.* for $1570, and held by defendants.

3. The item of $1040 carried from one side of the account to the other, and thus credited as $2080 to defendants, we think should be simply deducted from the balance.

.In the account annexed by plaintiff to his answers to the interrogatories, he has allowed defendants a credit for the sum of $1040. But if the debt paid were the debt of defendants, as it seems, justice will be done by simply deducting it from the balance found by the auditors.

4, 5. We cannot find that the auditors have charged the defendants with the draft in favor of *Wolf & Bishop* for $1000, and the draft in favor of *Corning & Co.* for $807 45, both taken up by defendants. Nor were they carried into the account prior to January 31st, 1852, when the balance of $13,519 67 was stated by *Maunsel White & Co.* as due defendants.

6. The next item rejected from the auditors', report was an individual draft of *Thomas C. Anderson*, given as the price of certain negroes bought of a negro trader. The suit is against the defendants, as commercial co-partners, and they have excepted to its introduction. If the defendants are indebted to the plaintiff under the pleadings, it is in virtue of their dealings and contracts as commercial co-partners. The pleadings do not contemplate a suit upon the several or individual contracts of either of the partners. The item was properly excluded, leaving the plaintiff to his recourse against *Thomas C. Anderson* individually. We come now to state the account in accordance with these views.

Plaintiff has paid on account of defendants, since the report
of the auditors.................................... $   678 07
Add amount allowed by the report.....................     9,506 00

                            Total..........  $ 10,184 07
Deduct credits allowed defendants, as above, viz :
                        No. 1,   $ 700
                        No. 2,    1570
                        No. 3,    1040
                        No. 6.    5000       $ 8,310 00

            Balance............................ $ 1,874 07

For this sum plaintiff must have judgment reserving his right against *Thomas C. Anderson* on the $5000 draft.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that the plaintiff do now recover and have judgment in his favor against the defendants, *Thomas C. Anderson* and *Thomas M. Anderson*, *in solido*, for the sum of one thousand eight hundred and seventy-

four dollars and seven cents, with five per cent. interest on $1196 from the fifth day of July, 1852, until paid, and the like rate of interest on $678 07 from the 7th day of January, 1857, until paid, and that the defendants pay the costs of both courts, reserving to the plaintiff any right he may have to recover of *Thomas C. Anderson* said draft for $5,000 drawn in his own favor.